UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NUNN PROPERTIES, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:14-CV-01643-JAR |
| OFF HOLLYWOOD, LLC, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Off Hollywood, LLC ("Off Hollywood") and Joseph M. O'Donnell's Motion to Dismiss (ECF No. 5) and Plaintiff Nunn Properties, LLC's ("Nunn Properties") Motion for Transfer of Venue (ECF No. 15). The motions are fully briefed and ready for disposition. For the following reasons, Plaintiff's motion will be **DENIED** and Defendants' motion will be **GRANTED.**

### I. Background

This action arises from the alleged breach of a promissory note entered into between Plaintiff Nunn Properties and Defendants. Defendants Off Hollywood and Joseph M. O'Donnell have filed a motion to dismiss the case for want of personal jurisdiction (ECF No. 5). In its complaint, Plaintiff asserts that this Court has specific personal jurisdiction over Defendants as they "solicited money from Plaintiff in Missouri and entered into a promissory note with Plaintiff, a Missouri resident" (ECF No. 1 at ¶ 5). Plaintiff also indicates that Defendants "became acquainted with Plaintiff through their connections in Missouri acquired when the Off Hollywood owners resided in the greater St. Louis, Missouri area" (ECF No. 1 at ¶ 9). However, Off Hollywood and Joseph M. O'Donnell argue that Plaintiff has failed to sufficiently allege the

requisite minimum contacts. Specifically, Off Hollywood and Joseph M. O'Donnell assert that they "did not negotiate the senior debt note at issue in Missouri . . ., did not reside in Missouri at any relevant time, and did not otherwise purposely avail themselves of the benefits and protections of Missouri law" (ECF No. 6 at 1). They request that the Court dismiss the case against them for want of personal jurisdiction.

In response to the motion to dismiss, Plaintiff filed a motion requesting the transfer of this case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406(a). Plaintiff indicates that Defendants Off Hollywood and Joseph M. O'Donnell reside in Los Angeles, California, and that they were served in Los Angeles, California (ECF No. 15 at 2). Therefore, Plaintiff argues that these Defendants are subject to personal jurisdiction in California.

Off Hollywood and Joseph M. O'Donnell oppose the motion to transfer venue (ECF No. 16). They argue that Plaintiff has failed to "cite[] any reason why justice requires this transfer" (ECF No. 16 at 1). They further assert that if this case is transferred to California, "defendants will simply move to remand it to State Court, because a federal California Court will lack diversity jurisdiction" pursuant to 28 U.S.C. § 1441(b) (ECF No. 16 at 1-2). Plaintiff subsequently replied (ECF No. 17) arguing that Defendants' subject matter jurisdiction assertions are "flatly wrong" and that it is in the interest of justice to transfer this case as a transfer to the Central District of California would "accommodate Defendants' desire . . . to defend this action in their home state" and would preserve judicial economy (ECF No. 17 at 1-2).

## II. Analysis

### A. Motion to Transfer Venue

Pursuant to 28 U.S.C. § 1406(a), "The district court of a district in which is filed a case

2

laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." A prerequisite to the application of this provision is improper venue. *See Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 28-29 n.8 (1988). Venue is proper in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought . . ., any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." The Court, however, need not address the statute as both parties appear to have waived any improper venue challenge. FED. R. CIV. P. 12(h); *Olberding v. Illinois Cent. R. Co.*, 346 U.S. 338, 340 (1953). Therefore Section 1406 is inapplicable. *See Manley v. Engram*, 755 F.2d 1463, 1468 (11th Cir. 1985) (finding that Defendant had expressly assented to venue and that if Plaintiff waived her right to object to venue as well, "there was not defect of venue upon which a § 1406(a) transfer could be predicated.")

**B. Motion to Dismiss**

"To allege personal jurisdiction, 'a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendants can be subjected to jurisdiction within the state.'" *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). "When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists." *Fastpath, Inc. v. Arbela Technologies Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists . . . . [This] is accomplished by pleading sufficient facts

to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *K-V Pharmaceutical Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-592 (8th Cir. 2011).

Plaintiff has not met its burden. Off Hollywood and Joseph M. O'Donnell have clearly countered Plaintiff's claims of jurisdiction as presented in its complaint when Off Hollywood and Joseph M. O'Donnell argued that they "did not negotiate the senior debt note at issue in Missouri . . ., did not reside in Missouri at any relevant time, and did not otherwise purposely avail themselves of the benefits and protections of Missouri law" (ECF No. 6 at 1). In filing its Motion to Transfer, Plaintiff asserts that the state of California would have personal jurisdiction over the Defendants. In so doing, Plaintiff appears to be implicitly conceding that this Court may not have personal jurisdiction over the Defendants. Furthermore, in its Motion to Transfer, Plaintiff fails to address this Court's jurisdiction over the Defendants. Therefore, the Court finds that this case must be dismissed for lack of personal jurisdiction.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Nunn Properties, LLC's Motion for Transfer of Venue (ECF No. 15) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants Off Hollywood, LLC and Joseph M. O'Donnell's Motion to Dismiss (ECF No. 5) is **GRANTED** and this case is **DISMISSED without prejudice.**

Dated this 11th day of December, 2014.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4